UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARAE M. STALEY,<br><br>   Plaintiff,<br><br> v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>   Defendant. | Case No. 20-cv-09497-HSG<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR ADDITIONAL DISCOVERY**<br><br>Re: Dkt. No. 20 |

On February 4, 2021, Plaintiff Sharae M. Staley brought this ERISA action against Defendant Metropolitan Life Insurance Company ("MetLife"), alleging a failure to provide benefits and a breach of fiduciary duties. Dkt. No. 10 ("FAC") ¶¶ 34, 42. On April 7, 2021, the parties appeared before the Court for a case management conference. The Court ordered supplemental briefing from the parties regarding the scope of discovery. *See* Dkt. No. 15. Having reviewed the parties' briefing, *see* Dkt. Nos. 19, 20, the Court, in its discretion, **GRANTS** Plaintiff's request for discovery beyond the administrative record.

As an initial matter, MetLife contends that the abuse of discretion standard of review applies. The Ninth Circuit requires an "abuse of discretion review whenever an ERISA plan grants discretion to the plan administrator." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 967 (9th Cir. 2006). Because the ERISA plan at issue confers discretionary authority on MetLife, *see* Dkt. No. 19, Ex. A at 9-3, 9-12, the Court finds that the abuse of discretion standard of review applies, based on the language of the policy and absent any showing otherwise by Plaintiff.

Plaintiff contends that under any standard of review, additional discovery is warranted on her equitable relief claim under 29 U.S.C. §1132 (a)(3) for breach of fiduciary duty. To demonstrate the nature and extent of MetLife's purported conflict of interest, Plaintiff seeks the

depositions of two MetLife claims adjusters and the production of the complete claim file and the claims manual guidelines. Dkt. No. 20 at 1. Defendant does not dispute that the Court has discretion to permit discovery relating to a purported conflict of interest. *See* Dkt. No. 19 at 3. In light of Plaintiff's allegations, the Court, in its discretion, **GRANTS** the requested discovery. The Court **DIRECTS** MetLife to produce the requested materials within 30 days. The Court further **DIRECTS** the parties to meet and confer to schedule the depositions of the two claims adjusters.

**IT IS SO ORDERED.**

Dated: 4/30/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge